EDDIE LEE WHITBY, ET AL.

V.

R. HAROLD OVERTON

Record No. 901367

January 10, 1992

Present: All the Justices

*William E. Green, Jr. (Baker, Williams & Green*, on brief), for appellants.
*Robert E. Clement* for appellee.

JUSTICE COMPTON delivered the opinion of the Court.

The sole issue in this partition suit is whether a life tenant of one moiety of real property has the right to compel partition of the land against the owners of the remainder interest of that moiety. The answer to that question is controlled by whether a life tenant can be a tenant in common with remaindermen under the circumstances of this case.

The facts are undisputed. By deed dated in November 1986, Norma N. Williams and Gerald D. Williams conveyed to Edna W. Overton and appellee R. Harold Overton, wife and husband, and to appellants Eddie Lee Whitby, William E. Whitby, Gracie W. Golden, Nancy W. Kerns, and Elsie W. Shelton, 7.65 acres of land in Lunenburg County. According to the terms of the deed, the Overtons received a life estate in the property "for and during their natural lives and to the survivor for and during his or her natural life." Upon the death of both Overtons, the remainder is to pass to the appellants.

Edna W. Overton died testate in January 1987, survived by her husband, who is the sole owner of the life estate. In June 1987, the life tenant filed a bill of complaint against the remaindermen seeking partition of the property under Code § 8.01-81. The remaindermen filed a demurrer to the bill asserting that § 8.01-81 "does not expressly or by implication grant authority to a tenant for life to compel partition of real property."

Subsequently, the trial court decided that the life tenant "is legally entitled to pursue the partition suit filed herein" and overruled the demurrer. Later, the chancellor ordered the property sold at public auction, and we awarded the remaindermen this appeal from the December 1990 decree of sale.

Code § 8.01-81 provides, as pertinent: "Tenants in common, joint tenants, executors with the power to sell, and coparceners of real property . . . shall be compellable to make partition and may compel partition. . . ." Arguing that the trial court correctly overruled the demurrer, the life tenant asserts "that a life tenant can be considered a tenant in common and . . . that life tenants have been authorized and entitled to partition real estate from the remaindermen." The life tenant relies on *Carneal* v. *Lynch*, 91 Va. 114, 20 S.E. 959 (1895).

Additionally, the life tenant says that it is "reasonable, as well as equitable" for a life tenant to compel partition under these circumstances because the life tenant "is responsible for the payment of real estate taxes, the insurance, if any, repairs and upkeep." He observes that while "the life tenant is also entitled to the income from the property, . . . in cases such as this one, where the property does not produce any income but merely causes the life tenant to incur expenses, it is simply unfair that the life tenant should have no way of disposing of this burden." We disagree with the life tenant's contentions.

The entire subject of partition of land is controlled by statute. *Lucy* v. *Kelly*, 117 Va. 318, 324, 84 S.E. 661, 663-64 (1915). Thus, the language of Code § 8.01-81 must be examined to ascertain who may compel partition. Obviously, the statute does not explicitly authorize a life tenant to compel partition; such authority is expressly given only to "tenants in common, joint tenants, executors with the power to sell, and coparceners of real property." Moreover, the statute does not give by implication the right of partition to life tenants under the situation presented in this case. And, *Carneal* v. *Lynch* is not authority for a contrary holding.

In *Carneal*, a testator gave real estate to his grandsons for their lives, with cross remainders to their children, and in the event of death of both grandsons without issue, the property was to pass to their sister, or her issue. One grandson died leaving two children who became the fee simple owners of their father's moiety. The other grandson, who was the life tenant in one moiety of the prop-

erty, filed a suit seeking partition. He joined as parties defendant his own five children (the remaindermen in his moiety), the two children of his brother (fee simple owners of their father's moiety), and the sister. His children and his brother's children were infants and appeared by guardian ad litem. The trial court ordered partition and the purchaser at the sale, who had objected to validity of the title, appealed from the decree of sale.

The purchaser contended that because the grandson was only a life tenant in one moiety of the land, the remaindermen of said moiety being unascertained, and the other moiety being owned in fee simple by infants, the grandson had no power to maintain a suit for partition and for sale of the whole of the land.

This Court said the case "presents the simple question whether a life tenant of one moiety of land can maintain a suit for partition against the remaindermen, *in esse*, of that moiety, and the fee simple owners of the other moiety." 91 Va. at 116-17, 20 S.E. at 959. In affirming the trial court, this Court noted that the bill of complaint was "framed in a double aspect." *Id*. at 117, 20 S.E. at 959. The suit was brought under the ancestor to present Code § 8.01-94, which provides for the sale of contingent estates, and under the ancestor to § 8.01-81, which provides for partition of lands. Referring to the partition statute, this Court said that if the grandson, "the life tenant in one moiety, is in law a tenant in common with the children of his brother, who are the owners in fee of the other moiety, it would seem clear that he can maintain a suit to compel partition against his co-tenants." *Carneal*, 91 Va. at 117, 20 S.E. at 959.

Relying upon respected Virginia treatises, the Court stated that a tenancy in common is created if two or more persons hold the same real property with interests accruing under the same title but at different times. *Id*., *citing* 2 *Minor's Institutes* 487-88 (3d ed. rev. 1882). The Court pointed out that the interest of the surviving life tenant accrued on the date of probate of the testator's will and that the interest of the deceased life tenant's two children accrued on the date of their father's death. Consequently, the Court said, the life tenant and the children of the deceased grandson "are plainly tenants in common" because they held the same land with interests accruing under the same title but at different times. *Carneal*, 91 Va. at 118, 20 S.E. at 960. Accordingly, the Court held "that under the statutes of Virginia, as well as upon precedent, a tenant for life in one moiety of property may main-

tain a suit against those who own the estate in remainder of said moiety, whether *in esse* or not, and the fee-simple owners of the other half, and compel partition of said property." *Id*. at 119, 20 S.E. at 960.

A reading, in the abstract, of the *Carneal* Court's statement of the question presented and the holding would seem to support the life tenant's contention in the present case. But there are significant factual differences between *Carneal* and the present case which make *Carneal* inapposite. Here, unlike *Carneal*, there are no infants involved. The references in *Carneal* to the infant remaindermen in the life tenant's moiety, both in the statement of the question, *id*. at 116-17, 20 S.E. at 959, and in the holding, *id*. at 119, 20 S.E. at 960, were necessary because the *Carneal* suit was "framed in a double aspect," *id*. at 117, 20 S.E. at 959, being brought, in part, under the statute providing for the sale of contingent estates. Those infants' interests had to be determined incident to fixing the cotenants' rights.

In addition, in the present case, unlike *Carneal*, the life tenant seeks to establish a tenancy in common between the life tenant and the remaindermen in the life tenant's undivided moiety. "A tenancy in common is where two or more persons hold lands or tenements in fee simple . . . or for term of life or years, by several titles, not by a joint title, and occupy the same lands or tenements in common; from which circumstance they are called tenants in common, and their estate a tenancy in common." 1 John T. Lomax, *Digest of the Laws Respecting Real Property* 498 (1839). *Accord Carneal*, 91 Va. at 117, 20 S.E. at 959. Here, the remaindermen have no right to hold and occupy the land in question because the surviving life tenant has not died. In *Carneal*, both the life tenant and the fee simple owners of the other undivided moiety had the right to hold and occupy the land because there existed two separate undivided moieties in the property and the title to each was held by different owners. In order for a life tenant to be a tenant in common with other owners of the property there must be coequal rights of occupancy, and such rights are not present in this case.

Because this life tenant is not a tenant in common with the remaindermen, it follows that he has no right to compel partition of the property against the owners of the remainder interest, and the trial court erred in ruling to the contrary. Consequently, the

trial court's decree of sale will be reversed and the bill of complaint will be dismissed.

*Reversed and dismissed.*