## CIRCUIT COURT OF AMHERST COUNTY

Ray Bennett Brooks

v.

Hazel P. Mays

January 5, 1993

Case No. (Chancery) 6737

BY JUDGE J. MICHAEL GAMBLE

I am writing to furnish my opinion on the issues raised in the Demurrer of the Defendant. A short summary of the factual background should be given. The Complainant and the Defendant were formerly married. The parties were divorced by Order of the Circuit Court of Amherst County dated July 17, 1981. The divorce decree incorporated into the decree by reference the provisions of a certain property settlement agreement dated June 14, 1981. The provisions of such agreement concerning the marital real estate which is the subject of this partition suit are as follows:

> (1) The parties jointly own, as tenants by the entireties, certain real property located at 105 Hilltop Drive, Madison Heights, Amherst County, Virginia. The parties agree that the wife shall have exclusive use of that property as her residence and that the wife shall be responsible for making payments upon a note held by First Federal Savings & Loan Association and secured by a deed of trust recorded against the property, as well as for taxes, fire insurance premiums, utilities, and other expenses incident to or necessary for proper maintenance of such real property. The wife shall have sole possession of all tangible personal property now located at said residence. Neither party shall make any subsequent claim to any tangible personal property in the possession or under the control of the other.

The parties have agreed to incorporate the divorce file, Chancery No. 4395, as part of the record in this case.

Mr. Brooks testified at the *ore tenus* evidentiary hearing on November 19, 1992, that his attorney prepared the property settlement agreement. Mr. Brooks said that he presented the property settlement agreement to Mrs. Brooks (now Mays) to be signed but that they had no discussion about it. Although the property settlement agreement contained no provision concerning the length of time that Mrs. Brooks (now Mays) could live on the premises, Mr. Brooks said that he thought that she could live there until the youngest child became eighteen years of age, even though this was not specifically discussed.

According to the divorce depositions, the youngest child was Michael Lee Brooks, who was fourteen years old at the time that the agreement was entered into. He would have become eighteen in 1985. The partition suit was filed in 1992.

Mrs. Mays (formerly Mrs. Brooks) testified at the *ore tenus* evidentiary hearing that Mr. Brooks initiated the divorce through his lawyer. Mrs. Mays testified that Mr. Brooks simply had the agreement drawn and she went along with it. There was no discussion about the agreement. She assumed, however, that the agreement meant that she could live in the house all of her life.

There was no evidence that Mrs. Mays had failed to perform any of the obligations that she had assumed with reference to the marital residence such as paying the note payments, tax payments, insurance premiums, utilities, etc.

The agreement drawn by Mr. Brooks's attorney and incorporated into the divorce decree imposes no limitation on the time that Mrs. Mays is allowed to reside in the marital residence.

This case raises two issues. First, it must be determined whether or not the property settlement agreement incorporated into the divorce decree gave to Mrs. Mays a life estate. Next, if the Court determines that the property settlement agreement gave to Mrs. Mays a life estate, the Court must determine whether or not Mr. Brooks may compel a partition, notwithstanding the fact that Mrs. Mays has a life interest in the real estate.

I will address the threshold issue of whether a life estate was created in the real estate by the property settlement agreement. The property settlement agreement obligates Mrs. Mays to make the mortgage payments, tax payments, and insurance payments on the property. It also clearly grants her the right to live there. It is obvious to the Court that the intention of the property settlement agreement was for Mrs. Mays to reside on the property during her life. This right was not limited by the agreement that was drawn

by Mr. Brooks's attorney. It is the law of Virginia that a contract should be construed against the party who prepared it if there is any ambiguity. 4 M.J., *Contracts*, § 44.

Next, even though the Court has found that a life estate for the benefit of Mrs. Mays exists in the real estate, it must now be determined whether or not Mr. Brooks has the right to partition this life estate. Basically, Mrs. Mays is both a co-tenant with Mr. Brooks as a result of the divorce (§ 20-111 of the Code of Virginia) and a life tenant in the property. This means, of course, that Mr. Brooks is a remainderman for a one-half interest in the property upon the death of Mrs. Mays. Likewise, Mrs. Mays or her estate is a remainderman. In *Powell v. Tilson*, 161 Va. 318, 331, 170 S.E. 750 (1933), the Supreme Court of Virginia held that a remainderman could not compel partition of the land during the continuance of the life estate unless he has acquired the life estate. Thus, it appears, that Mr. Brooks cannot compel partition. However, subsequent to that time, § 55-277 of the Code of Virginia was adopted which provides a method of calculation for the valuation of life estates in partition suits. Also, Mr. Brooks is not only a remainderman, but he is also a co-tenant by virtue of the divorce. Accordingly, the argument can be made that he does have a right to partition the real estate. *See, Carneal v. Lynch*, 91 Va. 114, 20 S.E. 959 (1895).

As the Supreme Court of Virginia held in *Lucy v. Kelly*, 117 Va. 318, 324, 84 S.E. 661 (1915), the subject of partition is controlled by statute. Section 8.01-81 of the Code of Virginia currently addresses partition suits. The statute does not allow a remainderman to compel partition as such authority is given only to tenants in common, joint tenants, executors, and coparceners. Thus, it is clear that Mr. Brooks cannot compel a partition as a remainderman, but the issue arises whether he can compel it as a tenant in common by virtue of the divorce. In *Whitby v. Overton*, 243 Va. 20, 24, 413 S.E.2d 42 (1992), the Supreme Court of Virginia defined a tenancy in common as follows:

> A tenancy in common is where two or more persons hold lands or tenements in fee simple . . . or for term of life or years, by several titles, not by joint title, and occupy the same lands or tenements in common.

By virtue of the life estate granted under the property settlement agreement, Mrs. Mays does not hold joint title and occupy in common the life estate with Mr. Brooks. Therefore, her life estate is not a tenancy in com-

mon which would allow him to compel a partition. Therefore, the Demurrer is sustained, and the Bill of Complaint is dismissed.