# CIRCUIT COURT OF ROCKINGHAM COUNTY

Charles E. Cline
and Nellie K. Cline

v.

Katherine C. Weaver

July 2, 1998

Case No. (Chancery) 16396

BY JUDGE JOHN J. MCGRATH, JR.

This case is a partition suit brought by Nellie K. Cline (mother and life tenant) and Charles E. Cline (son and co-remainderman) against Katherine C. Weaver (daughter and co-remainderman) seeking partition of a parcel of land located at 940 Port Republic Road, Harrisonburg, Virginia, in Rockingham County, Virginia. The case was referred to a Commissioner in Chancery to hear the evidence and report to the Court. On the day of the Commissioner's hearing prior to the taking of any evidence, counsel for Defendant, Katherine Weaver, moved for a dismissal on the grounds of lack of jurisdiction. The Commissioner stated that he could not rule on the motion, and by agreement, and for the convenience of the parties, the evidence was taken pending resolution of the Defendant's Motion to Dismiss for Lack of Jurisdiction.

The facts in this case are rather straightforward. In 1956, Leroy S. Cline and Nellie K. Cline (husband and wife) acquired a tract of land on Port Republic Road in Rockingham County. On or about May 15, 1978, Leroy Cline and Nellie Cline conveyed approximately 75,000 square feet of that tract of land to their two children, Charles E. Cline (the co-plaintiff) and Katherine C. Weaver (the defendant), in equal interests and reserving unto themselves a life estate for their joint lives and for the life of the survivor. (Deed Book 525, page 367.)

Leroy S. Cline died on January 13, 1992, leaving Mrs. Nellie Cline as the sole holder of the life estate. Mrs. Nellie Cline, the life tenant, joins with her son, Charles E. Cline, one of the two vested remaindermen, in seeking

partition of the property. Prior to raising her objection on jurisdictional grounds, the Defendant, Katherine Weaver, filed an Answer in which she noted the subject property is subject to a right-of-way easement to her benefit and that easement is duly recorded in the deed books of Rockingham County. The Defendant further made reference to the fact that various gifts of real estate and/or forgiveness of purchase money debt had been made to her brother by her parents, but that no similar debts or accommodations had been made for the Defendant.

The basis of the Defendant's Motion to Dismiss for Lack of Jurisdiction is that § 8.01-81 of the Code of Virginia sets out the exclusive procedures for the bringing of a partition suit and must be strictly construed. Moreover, the Defendant asserts that the holding of the Supreme Court in *Whitby v. Overton*, 243 Va. 20 (1992), that because a life tenant is not a tenant in common with the remainderman, and, therefore, the life tenant has no right to compel partition of the property against the owners of the remainder interest, and that he has no standing to proceed in a partition suit, dictates a dismissal of this action.

The facts presented in *Whitby v. Overton, supra*, were that a partition suit was brought by a life tenant naming as defendants the five remaindermen who owned the fee simple interest in the property. The remaindermen demurred to the partition suit on the grounds that they were not tenants in common with the life tenant and, therefore, the life tenant could not establish standing under § 8.01-81 as a "tenant in common, joint tenant ... [or] co-parcener of real property" and, therefore, could not proceed with the suit. There appears to have been no appellate decisions construing this provision since the Supreme Court's pronouncement in *Whitby v. Overton, supra*.

The essential holding in *Whitby v. Overton* is that the plaintiff in that case, who was the only life tenant remaining, did not have an estate in real estate which was coterminous with those of the remaindermen and, therefore, was not a co-tenant, a joint tenant or a co-parcener of the remaindermen in an estate of land. However, in the instant proceeding, although it may well be that the plaintiff, life tenant, Nellie K. Cline, could not, standing alone under the holding of *Whitby v. Overton, supra*, maintain a partition suit, this is not the instant case because a co-plaintiff is her son who is the co-tenant with his sister in the remainder interest.

The remainder interest of Charles E. Cline and Katherine C. Weaver is a vested interest in real estate, and they are, therefore, co-tenants of an interest in real property. Therefore, at least Mr. Cline meets the statutory prerequisite for bringing a partition suit against his co-tenant. His right to bring the partition suit is not defeated by the fact that he has joined as a plaintiff in the

suit the life tenant, nor is it defeated by the fact that neither he nor the defendant have a current possessory interest. *See, e.g.,* 1 *Minor on Real Property* (2d ed. 1928) § 157.

Although the statutes and common law precedents which foreshadowed the statutory remedy of partition have changed in detail over the years, there has never been an explicit prohibition upon the use of a partition suit to partition a vested estate in land simply because the possessory interest of the co-tenants had not come to fruition because of an existing life estate. For example, Professor Minor observed long ago that:

> Nor is it an objection to partition that an outstanding, continuing, particular estate for life exists in another in the land; and the particular tenant need not be a party to the suit; for the decree will be made subject to his rights.

2 *Minor on Real Property* p. 1135 (2d ed. 1928); *see also, Otley v. McAlpine,* 43 Va. (2 Gratt.) 340 (1845).

Moreover, this reading of the Court's partition jurisdiction is consistent with judicial efficiency and common sense. It has long been held that a "life estate with limitation over may ordinarily be terminated by the conveyance and transfer of the life tenant's interest to the vested remainderman, thus cutting short the life estate and vesting said remainderman with a fee simple title." *Voight v. Selander,* 190 Va. 638, 643 (1950). If partition did not lie in the instant proceeding, the life tenant could simply deed her life estate to her son thus extinguishing the life estate and making partition clearly appropriate.

Therefore, the Court determines that this Court and consequently the Commissioner in Chancery who has been appointed to hear evidence in this case has jurisdiction over this matter, and the Defendant's Motion to Dismiss this matter for lack of jurisdiction is hereby denied, and the case is remanded to the Commissioner in Chancery to continue with the report required by him of this Court's earlier Order of October 19, 1997.

The Clerk is directed to send copies of this Opinion and Order to Lawrence D. Bowers, Jr., Esq., counsel for the Plaintiffs, and to N. Douglas Noland, Jr., Esq., counsel for the Defendant, and to David A. Penrod, Esq., Commissioner in Chancery.