Karen K. BEACH, Petitioner,

v.

Mary L. BEACH, Respondent.

No. 02SC166.

Supreme Court of Colorado,
En Banc.

June 30, 2003.

Rehearing Denied July 28, 2003.

Michael J. Frederick, Colorado Springs, Colorado, Attorney for Petitioner.

Hanes & Schutz, P.C., Richard W. Hanes, Timothy J. Schutz, Elana L. Sabovic, Colorado Springs, Colorado, Attorneys for Respondent.

Chief Justice MULLARKEY delivered the Opinion of the Court.

## I. Introduction

This case involves a property dispute between a mother and daughter. The mother is the holder of a life estate interest in a 3–room addition to the daughter's house. The daughter holds the remainder interest in the addition, and the mother seeks to partition her life estate interest from the remainder. The court of appeals held that, as a life tenant, the mother has a right to seek parti-

tion from the daughter's non-concurrent remainder interest pursuant to section 38–28–101, 10 C.R.S. (2002). We reverse. Section 38–28–101 does not abrogate the common law rule that a life estate interest cannot be partitioned from a successive, non-concurrent remainder interest in the same property. Because we hold that partition under these circumstances is prohibited as a matter of law, we do not address the issue of whether the parties in this case impliedly waived their partition rights.[1]

## II. Facts and Procedural History

In 1993, Karen K. Beach ("the daughter") entered into an oral agreement with her parents Mary L. Beach ("the mother") and Ralph W. Beach ("the father"). The agreement arose when the father's health began to fail and the daughter offered the parents the option of building an addition to her own home where they could live for the rest of their lives. The daughter's home is a modest log house located on a 19–acre lot where the daughter runs a small working ranch. In return for the daughter's offer to let the parents build an addition to her home, the parents agreed to pay for the addition and agreed that the daughter would acquire the addition, at no cost, upon their deaths. The addition is equivalent to a small apartment, and consists of two bedrooms, a bathroom, and a living room with a kitchen. The addition is connected to the side of the daughter's house and the two areas share a common hallway.

After the father's death, the relationship between the mother and daughter deteriorated and the mother eventually sued the daughter to partition her interest in the addition from the daughter's property interests.

At trial, the court found that the parties' oral agreement regarding the addition implicitly created a limited life estate in the parents measured by their joint lives, and that the daughter held the remainder interest.[2] The court also found that because the parties impliedly intended for only the parents to occupy the addition during their lifetimes, the agreement prohibited either party from selling her interest in the addition. As a result of the above findings, the court held that the mother impliedly waived any partition rights when she entered into the contract because partition would be "a violation of the intent of the original agreement."

The court of appeals reversed. First, the court held that the mother had a statutory right to compel partition, interpreting section 38–28–101, 10 C.R.S. (2002), to allow partition between the mother's life estate in the addition and the daughter's successive, non-concurrent remainder interest in the addition. *Beach v. Beach*, 56 P.3d 1125, 1127 (Colo.App.2002). Second, the court held that the mother had not impliedly waived her partition rights. *Id.* at 1129. The court reasoned that partition would not violate the intent of the original agreement because the daughter would retain her contractual right to the monetary value of her remainder interest in the addition when their property interests were liquidated. *See id.*[3]

We reverse the decision of the court of appeals. Section 38–28–101 does not abrogate the common law rule that a life estate interest cannot be partitioned from a successive, non-concurrent remainder interest in the same property. Therefore, as a matter of law, the mother cannot partition her life estate in the addition from the daughter's remainder interest in the addition.

---

**1.** We granted certiorari on the following two issues:
1) Whether the court of appeals erred by holding that the owner of a life estate interest may compel partition from a successive, non-concurrent remainder interest in the same property.
2) If partition is proper, whether the court of appeals erred by refusing to accept the trial court's finding that the parties impliedly waived their partition rights because partition would violate the intent of the parties' original contract.

**2.** Because the parties do not dispute the trial court's characterization of the parties' respective interests in the addition as a life estate and remainder, we accept this characterization for purposes of this appeal.

**3.** The court of appeals held that if the daughter chose not to purchase the mother's life estate interest in the addition, the trial court should order a sale of the addition and distribute the proceeds according to the parties' respective interests in the addition. *Id.* at 1131–32.

## III. Analysis

### A. The Common Law Rule

██ Under the common law, partition applies only to concurrent interests, meaning interests that are held simultaneously in time. Thus, a present life estate cannot be partitioned from a future remainder interest because the holders of the two interests possess the property successively, rather than concurrently. *See, e.g.,* 3 Richard R. Powell, *Powell on Real Property* § 21.05[3][b], at 21–78 (Michael Allan Wolf ed., 2003) ("Historically, partition serves to sever concurrent interests and is not to be used for an attempted severance of successive interests."); *Restatement (First) of Prop.* § 172, cmt. b (1936) (The rule that holders of successive interests cannot compel partition is an "aspect of the general rule that concurrent ownership is a prerequisite for partition") [4].

The overwhelming majority rule among the states conforms with the common law rule, namely that the parties to a partition action must have concurrent interests in the property. Most state statutes effectuate this rule by explicitly limiting partition to present estates held by joint tenants, tenants in common, or other concurrent owners. *See, e.g.,* Nev.Rev.Stat. § 39.010 (2002) ("When several persons hold and are in possession of real property as joint tenants or as tenants in common ... an action may be brought by one or more of such persons for a partial partition thereof"); Va.Code Ann. § 8.01–81 (2002) ("Tenants in common, joint tenants, executors with the power to sell, and coparceners ... may compel partition"); *see also Whitby v. Overton,* 243 Va. 20, 413 S.E.2d 42, 44 (1992) (holding that where a life tenant is not also a tenant in common with the remaindermen, "he has no right to compel partition of the property against the owners of the remainder interest").

Other state statutes are slightly more expansive and allow partition between life estates and future interests, but only to the extent that some kind of *concurrent* interest exists. *See, e.g., Peters v. Robinson,* 636

A.2d 926, 931 (Del.Supr.1994) (interpreting Delaware's partition statute to allow the holder of a life estate to compel partition, but "no further than is necessary to sever the concurrent co-tenancy"); *Dodd v. McGee,* 354 Mo. 644, 190 S.W.2d 231, 233 (1945) (holding that although the owner of an undivided life estate interest may bring partition, the owner of an exclusive life estate cannot because there is nothing to partition and "[t]he objects of partition are to avoid the inconveniences resulting from common ownership").

██ A concurrent interest is a prerequisite for partition because the purpose of partition is to sever unity of possession. *See Keith v. El–Kareh,* 729 P.2d 377, 379 (Colo. App.1986). There is no unity of possession to sever when the property interests at stake are not concurrent in time.

By definition, the holder of a *present* life estate and the holder of a *future* remainder interest do not own concurrent interests because each holder uses the property exclusively during her respective time of possession. Although the holders of the life estate and successive remainder interest do share a *common* interest in the property, "[t]his variety of simultaneously existent interests does not constitute the *concurrent* ownership, the splitting of which is the function of partition." *Restatement (First) of Prop.* § 172 (1936) (emphasis added). Therefore, as holders of a life estate and successive remainder interest, the mother and daughter in this case do not share the necessary concurrent interest in the addition as required by common law.

### B. The Colorado Partition Statute

██ The court of appeals acknowledged the above common law rule that life estates are not subject to partition from remainder interests, but then went on to hold that Colorado statute abrogates the common law rule. *Beach,* 56 P.3d at 1127. To test the validity of the court of appeals' conclusion, we turn first to Colorado's partition statute. Section 38–28–101, 10 C.R.S. (2002), provides:

---

**4.** Although subsequent Restatements of Property have since been published, the language of section 172 has not changed.

Actions for the division and partition of real or personal property or interest therein may be maintained by any person having an interest in such property.[5]

The plain language of the statute makes no reference to the common law. However, the court of appeals reasoned that, because the statute allows "any person" having any interest in real or personal property to maintain an action for partition, and because a life estate is an interest in real property, the mother must be able partition her life estate from the daughter's non-concurrent remainder interest. *Beach,* 56 P.3d at 1127. The court also noted that even though partition would cause the daughter to lose her actual remainder interest in the addition, she would still retain the liquidated value of her remainder interest when the addition was sold. *See id.* at 1129.

■■■ In interpreting a statute, we must give effect to the intent of the legislature. *Lagae v. Lackner,* 996 P.2d 1281, 1284 (Colo. 2000). Although the General Assembly possesses the authority to abrogate common law remedies, statutes may not be interpreted to abrogate the common law absent a clear expression of intent. *See Preston v. Dupont,* 35 P.3d 433, 440 (Colo.2001). A statute is not presumed to alter the common law except to the extent that such statute expressly provides. *See id.*

In this case, we conclude that section 38–28–101 does not abrogate the common law rule requiring concurrent ownership in partition actions. We base this conclusion on two grounds. First, section 38–28–101 is silent as to whether successive, non-concurrent property interests are partitionable. Second, the partition of non-concurrent interests would run counter to the ordinary meaning of partition and destroy the parties' property interests.

First, section 38–28–101 contains no clear expression of intent by the General Assembly to abrogate the common law rule. The very general language of section 38–28–101 stands in sharp contrast to the clear and specific

language of other state statutes explicitly overriding the common law rule requiring concurrent ownership. For example, California's partition statute expressly provides: "[p]artition *as to successive estates* in the property shall be allowed if it is in the best interest of all the parties." Cal. Civ. Pro. § 872.710(c) (2002) (emphasis added). Similarly, Rhode Island's statute explicitly contemplates partition between present and future interests, providing: "[p]artition may be made of any lands, tenements, or hereditaments between the person or persons who hold the fee of any share ... and the person or persons who hold or are or may be entitled to any share or shares thereof, *for life or in reversion or remainder.*" R.I. Gen. Laws § 34–15–20 (2002) (emphasis added). *See DeLisi v. Caito,* 463 A.2d 167, 168 (R.I.1983) (interpreting the Rhode Island statute to allow partition between a life tenant and a remainderman even though no co-tenancy existed).

In contrast to the California and Rhode Island statutes, Colorado's statute is silent as to the availability of partition between successive property interests where the parties share no concurrent ownership or possession of the property. Although the statute has been in effect for over fifty years, it has never before been interpreted as overturning the settled expectations created by the common law of future interests. The language of the statute provides only a general declaration of who has standing to bring a partition action, and does not substantively extend a right of partition to holders of non-concurrent property interests. Absent a clearer and more specific statutory indication that the General Assembly actually intended to abrogate the fundamental common law rule that non-concurrent interests are not partitionable, we must presume that the General Assembly did not intend to change the common law rule. *See Preston,* 35 P.3d at 440.

Second, we conclude that the General Assembly did not intend to abrogate the common law rule that a life estate cannot be partitioned from a non-concurrent remainder

---

5. This provision was enacted in 1949 and no legislative history is available to help determine the General Assembly's intent. The title of the

Act is also unhelpful, stating only that it is "An Act Concerning Actions and Proceedings in Partition."

interest because such partition would be incongruous with the meaning and purpose of partition. As discussed earlier, a court's function in a partition action is to sever unity of possession by physically dividing a parcel of property. *See Keith,* 729 P.2d at 379. Here, where the addition is not concurrently owned at any point in time, there is simply no unity of possession to physically sever—partition is logically impossible.

The practical result of allowing partition where physical division is inherently impossible due to a lack of concurrent interests is that partition becomes nothing more than an automatic forced sale—one party's "partition" right becomes the right to force another party to liquidate her property interests entirely. As a result, a party's right to actually enjoy her respective interest in the property is destroyed and the only available "remedy" for the lost interest is some inadequate dollar amount.

Here, for example, the daughter's remainder interest is destroyed upon sale of the addition because once the addition is liquidated, there is nothing left in which to have a remainder. As a practical matter, "partition" via liquidation then leaves the daughter with no choice but to either buy the present value of the mother's life estate interest for approximately $48,000, or have the court sell the addition to strangers and divide the proceeds according to the mother and daughter's present and future interests in the addition.[6] Because the addition in this case is attached to the daughter's own home and located on her own private property, it may be impossible to sell only the addition. If so, the end result of the "partition" would be the sale of the daughter's entire property in order to provide the mother with the proper monetary value of her present life estate interest.

The above result exactly illustrates the drastic consequences of requiring partition where physical partition is inherently impossible due to the lack of concurrent interests between the parties. Because nothing in section 38–28–101 evidences a clear intent of the General Assembly to abrogate the common law and achieve this result, we reject the court of appeals' reading of section 38–28–101 and reject the notion that the statute requires partition on demand between a life estate and a non-concurrent remainder interest.

## IV. Conclusion

In sum, we hold that section 38–28–101 does not abrogate the common law rule that, as a matter of law, a life estate and non-concurrent remainder interest cannot be partitioned. We therefore reverse the holding of the court of appeals and do not reach the issue of whether the parties in this case impliedly waived their partition rights by virtue of their oral contract. We remand this case to the court of appeals with directions to return this case to the trial court.

---

6. The full property value of the addition is approximately $90,000. The court of appeals calculated the mother's life estate interest at the time of trial to be $47,834.10, and the court also went into great detail regarding the proper methodology of valuating a life estate interest. *Beach,* 56 P.3d at 1130–31. This valuation issue was not raised before this court, therefore we do not address the issue here.