PRESENT: All the Justices

BARBARA A. MAITLAND

v.  Record No. 031224

WILBERT C. ALLEN, ET AL.

OPINION BY
JUSTICE G. STEVEN AGEE
APRIL 23, 2004

FROM THE CIRCUIT COURT OF LUNENBURG COUNTY
Leslie M. Osborn, Judge

In this appeal, we consider whether one of two life tenants may compel partition of real property against the other life tenant and the remaindermen.  The Circuit Court of Lunenburg County, citing Carneal v. Lynch, 91 Va. 114, 20 S.E. 959 (1895), held the life tenant could compel partition as to her co-life tenant.  Citing Whitby v. Overton, 243 Va. 20, 413 S.E.2d 42 (1992), the trial court held partition could not be compelled by the life tenant as to the remaindermen.  For the reasons discussed below, we will affirm, in part, the judgment of the trial court and remand the case for further proceedings.

I.  BACKGROUND AND PROCEEDINGS BELOW

The relevant facts are undisputed.  Barbara A. Maitland ("Maitland") (then Barbara Allen) and her husband, Wilbert C. Allen ("Allen"), executed five deeds of gift in 1997 conveying separate parcels of land to each of their five adult children (collectively, the "children").  The deeds reserved a joint life estate for Maitland and Allen in the parcels conveyed with the remainder vested in the named children.  Maitland and Allen were

later divorced and Maitland filed a bill of complaint in the trial court seeking to compel partition of the parcels of land she and Allen previously had conveyed to the children.

Allen and the children answered and filed a motion for summary judgment, arguing this Court's decision in Whitby barred partition of the parcels by Maitland as a life tenant.  Maitland responded by asserting that the owner of a joint life estate may compel partition against the co-tenant and the remaindermen pursuant to this Court's decision in Carneal.

The trial court denied summary judgment for Allen, ruling that Maitland may compel partition as to him as a joint life tenant.  However, the trial court granted summary judgment for the children, ruling that Maitland could not force partition against the remaindermen.  On appeal to this Court Maitland assigns error to the trial court's ruling denying partition against the remaindermen.  Allen and the children assign cross-error to the trial court's ruling allowing partition as to the life estate.

## II.  ANALYSIS

### A.  Partition by Life Tenant as to the Remaindermen

Partition is governed by statute in Virginia.  Code § 8.01-81 provides that "[t]enants in common, joint tenants, executors with the power to sell, and coparceners of real property . . . shall be compellable to make partition and may compel

partition."  Tenants in common can thus compel partition and are compellable to partition under the statute.  But as we recognized in Whitby, "the statute does not explicitly authorize a life tenant to compel partition."  243 Va. at 22, 413 S.E.2d at 43.

Recognizing this fact, Maitland argues that her status as a tenant in common with Allen as to the life estate in all the real property is sufficient to compel partition of the whole estate under our decision in Carneal.  We disagree.

The case at bar is factually indistinguishable from that before us in Whitby.  The party seeking partition of the remainder interest in Whitby was the surviving joint life tenant.  243 Va. at 21, 413 S.E.2d at 42.  While Maitland does have a joint life tenant in esse (Allen), this is a distinction without a difference.  Maitland is not a tenant in common with the remaindermen, and it is only that relationship which determines whether partition may lie as to the remainder.[1]

_____

[1] A deed to one of the parcels of real property conveyed to one of the children reflects that child owned an undivided interest in that property at the time Maitland and Allen conveyed the remainder interest to him of the portion they owned.  That child's ownership interest could create a tenancy in common with Maitland, as to that parcel, and distinguish it from the other remainder interests as to the right of partition. However, no such argument was pled by Maitland or presented to the trial court.  No assignment of error is made as to this parcel based on the child's fee simple ownership of a portion. Accordingly, we do not consider the foregoing in the resolution of this appeal.  See Rule 5:25; Rule 5:17(c).

Distinguishing <u>Carneal</u>, we reviewed and answered this issue in

<u>Whitby</u>:

> [I]n the present case, unlike <u>Carneal</u>, the life
> tenant seeks to establish a tenancy in common
> between the life tenant and the remaindermen in
> the life tenant's undivided moiety. . . . Here,
> the remaindermen have no right to hold and occupy
> the land in question because the surviving life
> tenant has not died.  In <u>Carneal</u>, both the life
> tenant and the fee simple owners of the other
> undivided moiety had the right to hold and occupy
> the land because there existed two separate
> undivided moieties in the property and the title
> to each was held by different owners.  In order
> for a life tenant to be a tenant in common with
> other owners of the property there must be
> coequal rights of occupancy, and such rights are
> not present in this case.
>    Because this life tenant is not a tenant in
> common with the remaindermen, it follows that he
> has no right to compel partition of the property
> against the owners of the remainder interest
> . . . .

<u>Whitby</u>, 243 Va. at 24, 413 S.E.2d at 44.

The Supreme Court of Colorado recently reached the same

conclusion in <u>Beach v. Beach</u>, 74 P.3d 1 (Colo. 2003), holding

that partition could not lie by a life tenant against the

remaindermen:

> [P]artition applies only to concurrent interests,
> meaning interests that are held simultaneously in
> time.  Thus, a present life estate cannot be
> partitioned from a future remainder interest
> because the holders of the two interests possess
> the property successively, rather than
> concurrently.

>                              . . . .

4

By definition, the holder of a present life estate and the holder of a future remainder interest do not own concurrent interests because each holder uses the property exclusively during her respective time of possession. Although the holders of the life estate and successive remainder interest do share a common interest in the property, "this variety of simultaneously existent interests does not constitute the concurrent ownership, the splitting of which is the function of partition."

Id. at 3 (citation omitted).

Because Maitland and the children as remaindermen hold the successive estates of a life tenancy and a remainder interest, they are not tenants in common and thus partition does not lie. Carneal is not authority to the contrary and is limited to its specific facts. Accordingly, the trial court did not err in granting summary judgment to the children.

B. Partition Between Life Tenants

Allen and the children assign cross-error to the trial court's denial of summary judgment for him and the ruling that Maitland may have partition as to their joint life estate. The trial court's judgment as to partition of Maitland and Allen's life estate is not a final order and no appeal was taken under Code § 8.01-670.1. No final order on the issue of the cross-error is before us and thus we do not address it.[2] Code § 8.01-670.

_____

[2] The order granting summary judgment in this case expressly dismissed the action as against the children as the holders of

5

III.  CONCLUSION

For the reasons enumerated in Whitby, we will affirm the judgment of the trial court granting summary judgment to the children.  In the absence of a final order, we do not consider the cross-appeal and that portion of the trial court's judgment denying summary judgment for Allen.  Therefore, we will remand the case for such further proceedings as may be required to complete the cause with regard to partition among the joint life tenants, Allen and Maitland.

Affirmed in part and remanded.

---

the remainder interests in the subject properties.  Because their interests, and the grounds upon which the action was dismissed as to them, are separate and distinct from issues in the remaining claims against Allen, the other life tenant, the disposition as to the children is appealable under the "severable" interest rule.  See Dalloul v. Agbey, 255 Va. 511, 515 n. *, 499 S.E.2d 279, 282 n. * (1998); Leggett v. Caudill, 247 Va. 130, 134, 439 S.E.2d 350, 352 (1994); Wells v. Whitaker, 207 Va. 616, 628-29, 151 S.E.2d 422, 432-33 (1966).  See also Hinchey v. Ogden, 226 Va. 234, 236-37 & n.1, 307 S.E.2d 891, 892 & n.1 (1983).