Raymond B. WALKER, Plaintiff,

v.

WINCHESTER MEMORIAL
HOSPITAL, Defendant.

Civ. A. No. 83–0120–H.

United States District Court,
W.D. Virginia.

May 21, 1984.

John M. DiJoseph, Arlington, Va., for plaintiff.

Ronald D. Hodges, Roy W. Ferguson, Jr., Harrisonburg, Va., for defendant.

## MEMORANDUM OPINION

MICHAEL, District Judge.

On October 25, 1983, the defendant in the above-referenced action filed a motion to dismiss. On January 31, 1984, the defendant requested in a legal memorandum that its motion be treated as one for summary judgment under Rule 56 of the Federal Rules of Civil Procedure. The legal issues have been briefed, supporting affidavits and other documentation have been filed, and on March 6, 1984, the court heard oral argument in the case. Accordingly, the matter is now ripe for disposition. The court will deny the defendant's motion.

■ It is well-settled that the party moving for summary judgment has the burden of demonstrating that the test of Rule 56(c) —"no genuine issue as to any material fact"—is satisfied and that the movant is entitled to judgment as a matter of law.

Because this burden is on the defendant in this case, the evidence presented to the court must be construed in favor of the plaintiff and he must be given the benefit of all favorable inferences that can be drawn from it. *See* C. Wright & A. Miller, *Federal Practice and Procedure*, § 2727 (West 1973). Viewed in this context, the court finds that there are genuine disputes regarding material facts and consequently, the defendant's motion must be denied.

■ The court notes at the outset that since it hears this case under its diversity jurisdiction, it is obliged, under the principles of *Erie Railroad v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938), to construe and apply the substantive law of the Commonwealth of Virginia. In such a posture, a federal court must "determine the rule that the [state] Supreme Court would probably follow, not fashion a rule which ... an independent federal court might consider best". *Kline v. Wheels by Kinney*, 464 F.2d 184, 187 (4th Cir.1972). Therefore, to the extent that Virginia law is unclear or unsettled, the court must attempt to predict how the Supreme Court of Virginia would rule, were it faced with a like issue.

The plaintiff was admitted to the Winchester Memorial Hospital, the defendant, on April 18, 1981, via the Hospital's emergency room, for the treatment of head and chest injuries sustained in an automobile accident. The plaintiff was comatose when admitted and so remained for eight days thereafter. The plaintiff revived from his coma on April 26, 1981, but nevertheless remained as a patient at the Hospital until May 11, 1981. He alleges in his complaint that the "medical staff" of the Hospital was negligent in not diagnosing or treating a broken jaw that the plaintiff sustained in the accident and as a result of this negligence he has suffered pain and discomfort and has been forced to expend large sums of money on various dental services. He seeks $200,000 in damages.

The defendant's motion for summary judgment relies on well-settled Virginia law recognizing the general rule that

a hospital is not responsible for the acts of an attending physician, whether a member of its staff or an outsider, except where by contract it has assumed responsibility. This is based on the ground that such physician is an independent contractor and alone is responsible for the exercise of professional skill and judgment, subject to no control by the hospital in the execution thereof.

*Stuart Circle Hospital Corp. v. Curry,* 173 Va. 136, 3 S.E.2d 153, 158 (1939). The defendant argues that the plaintiff's treating physicians were independent contractors, not employees, servants, or agents of the Hospital and consequently the Hospital cannot be held liable for the treating physicians' negligence under the doctrine of *respondeat superior.* Therefore, if the plaintiff's only legal theory for imputing the alleged negligence of the physicians to the Hospital is that of *respondeat superior,* the motion for summary judgment would have to be granted, at least to the extent the plaintiff's injuries were proximately caused by the negligence of his treating physicians.

However, the plaintiff's theory of liability is grounded not in the doctrine of *respondeat superior,* but rather, in the doctrine of apparent authority. This doctrine has a long tradition in Virginia jurisprudence. *See Neff Trailer Sales, Inc. v. Dellinger,* 221 Va. 367, 269 S.E.2d 386, 388 (1980); *Wright v. Shortridge,* 194 Va. 346, 73 S.E.2d 360, 364–65 (1952); *Bardach Iron & Steel Co., Inc. v. Charleston Port Terminals,* 143 Va. 656, 129 S.E. 687, 692 (1925); *Lysle Milling Co. v. S.W. Holt & Co.,* 122 Va. 565, 95 S.E. 414, 416 (1918). Virginia courts state the doctrine in the following terms:

The general rule is that, as between the principal and agent and third persons, the mutual rights and liabilities are governed by the apparent scope of the agent's authority, which is that authority which the principal has held the agent out as possessing, or which he has permitted the agent to represent that he possesses, in which event the principal is estopped to deny that the agent possessed the authority which he exercised. In such cases, the apparent authority, so far as third persons are concerned, is the real authority; and when the third person has ascertained the apparent authority with which the principal has clothed the agent, he has the right to rely thereon.

*Wright, supra,* 73 S.E.2d at 364 (citations omitted). Furthermore, two sections of the American Law Institute's Restatement of Law are premised on the doctrine.

One who employs an independent contractor to perform services for another which are accepted in the reasonable belief that the services are being rendered by the employer or by his servants, is subject to liability for physical harm caused by the negligence of the contractor in supplying such services, to the same extent as though the employer were supplying them himself or by his servants.

Restatement (Second) of Torts § 429.

One who represents that another is his servant or other agent and thereby causes a third person justifiably to rely upon the care or skill of such apparent agent is subject to liability to the third person for harm caused by the lack of care or skill of the one appearing to be a servant or other agent as if he were such.

Restatement (Second) of Agency § 267.

█ As the defendant indicates in its Supplemental Memorandum, the doctrine of apparent authority is grounded in principles of estoppel. "Accordingly, the party attempting to establish another's apparent authority must demonstrate that he *relied,* in good faith, on the principal's and agent's conduct which would lead a reasonable person to believe that a principal-agent relationship in fact existed." *Stewart v. Midani,* 525 F.Supp. 843, 851 (N.D.Ga.1981) (applying Georgia law).

█ Obviously, since a plaintiff must prove justifiable reliance in order to prevail under the doctrine of apparent authority, the doctrine does not often come into play in a personal injury setting, for such a

plaintiff does not usually have the opportunity to rely on the agent/tortfeasor's relationship to the alleged principal. Neither of the parties has been able to point to any Virginia case law which applies the doctrine of apparent authority in the context of the physician-hospital relationship. However, a number of jurisdictions outside Virginia which have had the opportunity to consider the issue have been willing to invoke the doctrine in factual settings similar to the instant action. *See Brown v. Moore*, 247 F.2d 711 (3d Cir.1957) (applying Pennsylvania law); *Stewart v. Midani*, 525 F.Supp. 843 (N.D.Ga.1981); *Arthur v. St. Peters Hospital*, 169 N.J.Super. 575, 405 A.2d 443 (1979); *Mehlman v. Powell*, 281 Md. 269, 378 A.2d 1121 (1977); *Mduba v. Benedictine Hospital*, 52 A.D.2d 450, 384 N.Y.S.2d 527 (Sup.Ct.1976); *Stanhope v. Los Angeles College of Chiropractic*, 54 Cal.App.2d 141, 128 P.2d 705 (1942). For a thorough review of the case law on this subject, the court invites the parties to review *Stewart v. Midani, supra,* an opinion which this court finds quite persuasive on the entire question. Although that opinion construes Georgia common law, this court does not believe Georgia's application of the doctrine is at significant variance with Virginia's. As the court in *Stewart* said of Georgia, so can it be said of Virginia that "the doctrine of apparent authority is deeply rooted in this state's jurisprudence. There is nothing antithetical about applying the estoppel rule to the doctor-hospital relationship, ... If a [Virginia] court were presented with this argument, it would be necessary to overrule or disregard a substantial number of cases to justify the granting of summary judgment for the hospital." *Id.* at 853. In short, the court rules that as a matter of law, Virginia would permit a plaintiff to seek to hold a hospital liable for the negligence of one of its independent contractors under the doctrine of apparent authority, even though such a suit is not sustainable under a theory of *respondeat superior.*

In light of the above, the court will overrule the motion for summary judgment. It is obvious from the memoranda and supporting documentation that there are genuine issues of material fact in dispute regarding the extent to which the Hospital held out the treating physicians as its agents. Recent Virginia case law has made clear that whether an alleged principal "held out" a third party as his agent is ultimately a question of fact for the jury to decide, not a matter of law for the court to rule upon. In *Neff Trailer Sales, Inc. v. Dellinger*, 221 Va. 367, 269 S.E.2d 386 (1980), the Virginia Supreme Court ruled that whether a trailer sales company had held out its personnel manager as having the authority to execute an employment contract was an issue that should have been left to a jury to decide, and ordered a new trial because the trial judge had improperly viewed the question as a matter of law, and ruled accordingly. *See id.* at 388. The court is mindful that in this diversity action, "the expressions of the Virginia courts are due great deference. If we can discover the answer they would give to the question, it must control ..." *Hupman v. Cook*, 640 F.2d 497, 502 (4th Cir.1981). Since the Virginia Supreme Court has ruled that a similar issue ought to have been left for resolution by the finder of fact, the path this court must follow is clear.

Although there are novel aspects to the court's ruling today, the parties to this lawsuit should not be in the dark as to what will be required of them at trial. The critical inquiry will focus on whether the Hospital "held out" the plaintiff's treating physicians as its agents or permitted the doctors to represent to the plaintiff that they were agents of the Hospital. There are a number of factors which the finder of fact will have to consider in making its determination. The fact that the plaintiff was comatose when he was brought to the Hospital, and remained unconscious for the next eight days, is certainly a factor which weighs strongly against finding the treating physicians to be agents of the Hospital under the doctrine of apparent authority. But as the court has already observed, that is a determination for the jury to make. However, when the court undertakes to

instruct the jury, its present intention, based on the facts and law presently known to the court, is to adhere to the language which the Virginia Supreme Court has used in construing the doctrine of apparent authority, *ante* p. 1330.

Finally, it is plain that the plaintiff's allegations of negligence encompass not only the treating physicians, but the entire "medical staff". The court has viewed the defendant's motion for summary judgment as going only to the alleged negligence of the plaintiff's treating physicians, not to other hospital personnel, e.g., nurses, clerical workers, technicians, residents, and the like. The Hospital's liability for the negligence of such non-physician personnel would presumably flow from principles of *respondeat superior,* and not from the doctrine of apparent authority.

An appropriate Order shall this day issue.