**James Rex TOLMAN, Plaintiff,**

v.

**IHC HOSPITALS, INC., dba LDS Hospital and W. James Morrison, et al., Defendants.**

### Civ. No. C85–0075G.

United States District Court, D. Utah, C.D.

June 4, 1986.

---

James T. Dunn, Barry Marcus, Midvale, Utah, for plaintiff.

Charles Dahlquist, Nelson L. Hayes, Tony Eyre, Salt Lake City, Utah, for defendants.

## DECISION AND ORDER

J. THOMAS GREENE, District Judge.

The matter came on regularly for hearing on May 12, 1986, on defendant IHC Hospitals, Inc.'s Motion for Summary Judgment. Plaintiff was represented by James T. Dunn, who moved the Court for admission of Barry Marcus pro hac vice. That motion was granted. Defendant LDS Hospital was represented by Charles Dahlquist; defendant Dr. W. James Morrison was represented by Nelson L. Hayes; and defendants Radiation Center Oncologists, Dr. Plener and Dr. Thompson were represented by Tony Eyre. Plaintiff and defendant IHC submitted extensive memorandums of law and the court heard oral argument, after which the matter was taken under advisement.

In this medical malpractice action plaintiff seeks redress for injuries allegedly resulting from failure to diagnose the recurrence of a malignant tumor. The undisputed facts are that in 1974 plaintiff, an Idaho resident, underwent surgery at LDS Hospital for the removal of a malignant thymoma, a kind of cancer with a marked propensity to recur. After he recovered, plaintiff returned to the hospital periodically for check-ups and x-rays for the purpose of detecting any recurring problems. The x-rays were taken at the radiology department at LDS Hospital and were read by employees of Radiology Associates of Salt Lake, Inc., a professional corporation. Radiology Associates contracts with LDS Hospital to provide radiology services at LDS Hospital. Dr. James W. Morrison is a radiologist employed by Radiology Associates. They maintain offices at the hospital and operate out of the radiology department there. Plaintiff alleges that medical employees of Radiology Associates misread his x-rays in failing to discover recurrent tumors, and alleges that the hospital is responsible for the negligent acts of Radiology Associates.

On this Motion, LDS Hospital seeks summary judgment in its favor on the issue of its liability for alleged wrongful acts of Radiology Associates' physicians. Plaintiff's theory of liability as to LDS Hospital apparently is that "defendant hospital undertook to provide the service of taking and reading x-rays" and that "defendant Hospital and James W. Morrison were negligent in that they failed to exercise the degree of learning and skill possessed and exercised by members of their profession." However, plaintiff's pleadings are bereft of claim of negligence by reason of any direct act of any employee of LDS Hospital or other alleged negligence of the hospital such as providing faulty facilities. Rather, it appears that plaintiff seeks recovery against LDS Hospital for alleged failure of the radiologists properly to read x-rays.

The issue presented is whether the hospital can be sued for the acts of physicians, in this case radiologists, because of claimed negligence in the practice of medicine on the theory of agency. Since this is a diversity case, the issue is to be determined as this court believes the Supreme Court of Utah would decide it. *Holt v. King*, 250 F.2d 671 (10th Cir.1957). Plaintiff has referred the court to no Utah case law, but has presented cases from other jurisdictions which have held that a physician could act as agent of the hospital. *MDUBA v. Benedictine Hospital*, 52 A.D.2d

450, 384 N.Y.S.2d 527 (N.Y.App.Div.1976); *Edmonds v. Chamberland Memorial Hospital*, 629 S.W.2d 28 (Tenn.1981) (finding issue of fact as to whether physician was agent of hospital); *Kober v. Stewart*, 148 Mont. 117, 417 P.2d 476 (1966) (issue as to agency of doctor where x-ray dept. run by hospital and patient billed by hospital).

Counsel for the defendant urged that the better reasoned rule of law is that espoused by the Colorado Supreme Court in *Austin v. Litvah*, 682 P.2d 41 (Colo.1984). We agree. In *Litvah* the court was faced with the issue of whether misdiagnosis of human illness could be attributed to the hospital in which the alleged misdiagnosis was made. The court found as follows:

> The diagnosis and treatment of human illnesses and any surgery performed in connection with such diagnosis and treatment constitute the practice of medicine. When a doctor performs these functions in a hospital setting, the hospital and its employees "subserve him in his administrations to the patient. He has sole and final control in the matter of diagnosis, treatment, and surgery. Possessed of this authority, it follows that his actions as doctor are his responsibility." Id. at 54 (citations omitted).

Under Utah law it is unlawful for anyone other than a licensed physician to practice medicine. The practice of medicine is defined in part as "to diagnose, treat, correct, *advise* or prescribe for any human disease, ailment or deformity ..." Utah Code Ann. § 58–12–28(4)(a). (Emphasis added) Under the statute, a hospital would not be authorized to practice medicine by reading x-rays and providing advice relative thereto. We see no proper basis in plaintiff's pleadings to hold the LDS Hospital liable for alleged wrongful acts of misdiagnosing the plaintiff's condition, which constitutes a part of the practice of medicine by the physicians in question. Accordingly, defendant IHC Hospitals, Inc., dba LDS Hospital's Motion to Dismiss is granted with leave to plaintiff to amend within fifteen (15) days from the date of this Order.

IT IS SO ORDERED.