## CIRCUIT COURT OF WISE COUNTY

Gloria Jean Fields

v.

Barbara Bolton

### March 6, 1996

### Case No. (Law) L94-469

BY JUDGE FORD C. QUILLEN

Following are the Court's findings in the above-referenced matter. The plaintiff, Gloria Jean Fields, a nurse, while employed at Norton Community Hospital, was injured and awarded workers' compensation benefits. While receiving these benefits, Ms. Fields was referred for treatment to Dr. Barbara Bolton, a staff physician specializing in occupational medicine. The plaintiff alleges that Dr. Bolton negligently injured her. The defendant, Dr. Bolton, filed a special plea in bar, alleging that the workers' compensation award was an exclusive remedy barring the plaintiff's malpractice action, asserting that the defenses of either co-employees or statutory employees should apply.

The issue for the Court to decide is whether a plaintiff receiving workers' compensation who was subsequently injured by a doctor's alleged malpractice should be subjected to the defenses of co-employee or statutory employee, and if so, whether these defenses apply here.

Virginia Code § 65.2-605 specifically speaks to the malpractice issue and its relationship with the original injury. This statute provides that the employer is responsible for the worker's injury received on the job and will also be responsible for the consequences of an act of malpractice but not for the tort claim of malpractice. The consequences of such malpractice is considered an aggravation of the original work-related injury. This provision prevents the employer/insurance company from contesting the cause of the employee's aggravated condition and allows the employee to

continue to receive benefits, avoiding further hardship. However, these continued workers' compensation benefits are limited to actual medical bills and loss of wages, not full compensation for an injury as allowed in tort. A malpractice claim allows damages for pain and suffering, permanency, and other elements exceeding those allowed in workers' compensation claims.

In the case of *Fauver v. Bell*, 192 Va. 518 (1951), the court stated that the payment of workers' compensation did not relieve the alleged negligent physician from liability. The employer and its insurance company are protected in that they have the right of subrogation. This right of subrogation provides that if the injured worker brings an action for malpractice, the insurance company or employer (if self-insured) will recover any amounts they have paid due to the malpractice. For those reasons, the Legislature has extended the consequences of malpractice claims to include the limited payments of workers' compensation, which are medical expenses and loss of wages.

In this case, the defendant, Dr. Barbara Bolton, maintained malpractice insurance in the limits required in Virginia. If there was an award, then Norton Community Hospital or its insurance company would be reimbursed for any amounts paid for the alleged malpractice of Dr. Bolton.

### Defendant's Relationship with Hospital

Dr. Bolton has alleged that the malpractice claim should be denied because of the relationship between the plaintiff, who was an employee of Norton Community Hospital, and Dr. Bolton. The Court makes the following analysis whether Dr. Bolton is an employee or an independent contractor.

On October 5, 1992, Dr. Bolton contracted with Norton Community Hospital to be a physician and medical director of a planned occupational health facility. This facility would be at a separate location and would operate as a separate corporation from Norton Community Hospital. Its purpose was to treat area industrial workers injured on the job and trauma patients who needed rehabilitation. The depositions reveal that before the plaintiff's initial injury, this occupational facility had been established and was doing business as Community Health Support Services, Inc. The Court finds from the evidence in the depositions that there had been a novation and assignment of the original service contract between Dr. Bolton and Norton Community Hospital to the newly-established corporation, Community Health Support Services, Inc.

The initial contract between Norton Community Hospital and Barbara Bolton, Medical Doctor, in paragraph 17, contains the following condition:

> The services of Doctor shall and are those of an *independent contractor* acting as Medical Director and physician of the Occupation Health/Industrial medicine Department of Hospital. It is not intended that an employer-employee, joint venture, or partnership be established hereby, expressly or by implication; neither is it intended that Doctor shall be the agent or employee of Hospital in any way for any purpose. [Emphasis added].

This provision clearly shows the intent of Norton Community Hospital and now its successor, Community Health Support Services, Inc., was that Dr. Bolton would be an independent contractor. The status of independent contractor is further documented by the income information furnished to the Internal Revenue Service by Community Hospital Support Services, Inc., showing Dr. Bolton to be an independent contractor. See copy of Form 1099 for the year 1993, which is Document No. 000036 attached to depositions dated October 3, 1995. This document shows that the payer at the time of Ms. Fields' injury was Community Hospital Support Services, Inc., and that the income was paid to Dr. Bolton under paragraph 7 of Form 1099, entitled "Non-Employee Compensation" and also shows no Social Security or income tax withheld as required by federal law if Dr. Bolton were an employee. Neither Norton Community Hospital nor Community Hospital Support Services, Inc., offered evidence that employer's Social Security, Medicare, or Unemployment taxes were paid on behalf of Dr. Bolton. This would be required if she were an employee of Norton Community Hospital or Community Hospital Support Services, Inc.

As a rule, doctors are considered independent contractors because their duty to diagnose, control, and prescribe treatment for a patient requires independent judgment. See the federal court case of *Walker v. Winchester Memorial Hospital*, 585 F. Supp. 1328 (W.D. Va. 1984).

The general rule expressed in *Michie's Jurisprudence* is that an independent contractor is one who undertakes to produce a given result without being in any way controlled as to the method in which the person attains that result. Clearly, Dr. Bolton would qualify under this test.

In a most revealing document contained in the deposition (number 000012), at a meeting in which Dr. Bolton and others participated concerning Dr. Bolton's contractual relationship with Community Health Sup-

port Services, paragraph 2 of the confidential minutes dated April 6, 1994 (Document 000012 of the depositions) concerning Dr. Bolton's contract states:

> David stated the purpose of this meeting is to discuss the change in our contractual arrangement from an independent contractor to an employee relationship with Community Health Support Services.

These notes show that Dr. Bolton and others at all times considered her relationship with Community Health Support Services to be an independent contractor.

In its first attempt to unravel the intricacies of this action, the Court makes a finding that the defendant, Dr. Barbara Bolton, in her acts as a physician is an independent contractor with Community Health Support Services, Inc. The Court does not pass upon the status of Dr. Bolton's role as a medical director in that it is not the subject of this lawsuit.

### Defendant Alleges the Defense of Statutory Employee

The legal concept of the statutory employees was placed in the law for the benefit of the injured employee. These rights were adopted for the protection of injured employees to ensure availability of workers' compensation benefits from one source or another and not for the purpose of denying legitimate third-party claims.

Virginia Code § 65.2-101 defines a workers' compensation injury as "an injury by accident arising out of the course of employment." Courts must go slowly in denying citizens' constitutional right to bring legal actions. This case does not deal with the injury for which the workers' compensation provisions were intended. This is a subsequent claim, one for malpractice, to which most citizens of the Commonwealth would be allowed a right of recovery. The defendant is trying to bar the malpractice claim, which claim should be treated separate and apart from any injury arising out of the plaintiff's employment.

The Court refers to the case of *Salih v. Lane*, 224 Va. 436 (1992), in which it is alleged that the plaintiff, a nurse anesthetist, had brought an action against a psychiatrist for injuries allegedly received during the administration of electrical shock treatment by the psychiatrist to a patient. The nurse was assisting the psychiatrist in this procedure. Just as in the Bolton case, the court in the *Salih* case held the doctor was an independent contractor, and the court further held that the nurse anesthetist and the

psychiatrist were not in the same trade, business, or occupation (one being a nurse and the other being a doctor). In the instant case, the Court states that the plaintiff, Gloria Jean Fields, while working as a nurse for Norton Community Hospital, was not in the same trade, business, or occupation as Dr. Barbara Bolton, an independent contractor and specialist with Community Health Support Services, Inc. The Court further finds that the relationship of statutory employees does not exist in the instant case and denies the defendant's plea at bar.