# CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

Leasly Sanchez

v.

Medicorp Health
System et al.

March 11, 2004

Case No. CL03-221

BY JUDGE WILLIAM H. LEDBETTER, JR.

The question posed is whether Virginia recognizes vicarious liability in negligence cases specifically, in the context of physician-hospital relationships grounded in the doctrine of apparent agency.

*Background*

According to the motion for judgment, the plaintiff, Sanchez, a truck driver, was injured on October 16, 2001, while traveling through the Fredericksburg area. Sanchez was treated at the emergency room of Mary Washington Hospital by Dr. Christopher Huesgen, an employee of Fredericksburg Emergency Medical Associates (FEMA). Because he allegedly suffered damages as a result of deficient care, Sanchez brought this malpractice action against Huesgen, FEMA, and Medicorp, the entity that operates the hospital.

Medicorp demurred. The demurrer is limited to paragraph 4 of the motion for judgment in which Sanchez alleges that Huesgen and other unnamed medical personnel who treated him in the emergency room were apparent agents, ostensible agents, and/or agents by estoppel of Medicorp. Medicorp contends that these allegations do not state a claim upon which Sanchez can recover, as a matter of law.

Counsel submitted memoranda and argued their positions on March 1, 2004. The court took the matter under advisement.

## Decisions

Agency is an over-arching term describing relationships in which one person, the agent, agrees to act for another, the principal. Restatement of Agency 2d § 1. Such relationships are generally broken down into two broad categories: master-servant and principal-independent contractor.

A servant is an agent whose performance of services is subject to the control of the principal. This distinguishes a servant (nowadays more often referred to as an employee) from an independent contractor, who contracts to do something for someone but whose physical conduct in the performance of the undertaking is not subject to the other's control. "Servant is thus a word that refers to a category of persons for whose physical conduct the principal-master is responsible to third persons." Restatement of Agency 2d § 2. The basis of vicarious liability of the principal-master is the doctrine of respondeat superior. See *Black's Law Dictionary* (7th ed.) p. 1313.

Under the doctrine of respondeat superior, the principal is liable for the negligent acts of its agents. There are two predicates to such liability. First, the agent must be a servant of the principal, as that word is defined above. Second, the servant must have been acting within the scope of his employment when the negligent act occurred. Obviously, the policy basis for this form of vicarious liability is that the master should be responsible for the acts of its servant when it has the right to control those acts.

In the field of contract law, a person who does not have authority to act for another but who reasonably appears to have such authority may bind the principal the same as if actual authority had been conferred. See M.J., *Agency*, § 81. The person possessing such apparent or ostensible authority is referred to as an apparent agent. *Black's Law Dictionary* (7th ed.) p. 64.

Courts in some jurisdictions have applied this concept of apparent agency to negligence actions, at least in the context of physician-hospital relationships. See *Paintsville Hospital v. Rose*, 683 S.W.2d 255 (Ky. 1985). Also see Restatement of Agency 2d § 267.

There are no Virginia cases applying the doctrine of apparent agency to negligence cases.

Virginia decisions recognize that there are exceptions to the rule that where no master-servant relationship exists, there can be no vicarious liability in tort cases. The exception pertinent here is the "non-delegable duty." *See, for example, MacCoy v. Colony House Builders*, 239 Va. 64, 387

S.E.2d 760 (1990). That concept was employed by a South Carolina appellate court panel in holding that a hospital may be liable for the negligent acts of emergency room personnel even though there was no master-servant relationship between the hospital and the personnel. That court held that a hospital has a non-delegable duty to provide competent service to patients in its emergency room. *Simmons v. Tuomey Regional Medical Center*, 330 S.C. 115, 498 S.E.2d 408 (S.C. App. 1998). This court is persuaded that no such novel and broad application of the "non-delegable duty" exception is recognized in Virginia.

There is at least one reference in Virginia tort jurisprudence to a servant who was not acting within the scope of his "real or apparent authority" at the time he negligently injured a third party *Western Union v. Phelps*, 160 Va. 674, 169 S.E. 574 (1933). However, that case does not recognize a doctrine of apparent agency. Instead, it is clear the court was referring to the scope of a servant's employment, an aspect of vicarious liability under the doctrine of respondeat superior. There, a telegraph messenger boy was operating his bicycle in a part of town to which he was not assigned, and the court found that he was not acting within the real or apparent scope of his employment at the time he struck and injured a child. This is quite different from applying a doctrine of apparent agency to negligence cases.

In *Walker v. Winchester Memorial Hospital*, 585 F. Supp. 1328 (W.D. Va. 1984), the U.S. District Court for the Western District of Virginia applied the doctrine of apparent agency in a situation similar to this. Interpreting Virginia law, Judge James H. Michael held that a patient could hold a hospital liable for the negligence of one of its independent contractors "under the doctrine of apparent authority," even though such a suit is not sustainable under a theory of respondeat superior. The ruling allowed the plaintiff to seek to prove at trial that the hospital "held out" the emergency room physicians as its "agents" or permitted them to represent that they were its agent.

In this case, there are no allegations that Medicorp "held out" the physician as its agent or permitted emergency room personnel to make such false representations. In any event, since Virginia does not recognize the doctrine of apparent agency in this type of case, such allegations would add nothing meaningful to the pleading unless Sanchez could allege in good faith that Medicorp held out the emergency room physician (and the other unnamed personnel) as servants of the hospital or expressly permitted them to represent that they were employed by the hospital to perform such services, acts tantamount to fraud.

Professor Charles Friend has opined that it is "questionable at best" whether in Virginia "apparent authority alone is sufficient to make a master

liable for personal injuries inflicted by a servant." Friend, *Personal Injury Law in Virginia* (3d ed. 2003) § 9.2, footnote 32 at p. 213. This court agrees with Professor Friend.

It is worth noting that the doctrine of apparent agency is not merely an extension of the doctrine of respondeat superior. In fact, it is quite different. The doctrine of respondeat superior imposes liability on a master for the negligent act of its servant where such act is performed in the course of employment because the master has the right to control that performance. The doctrine of apparent agency applies to cases where admittedly there is no control; in fact, there is no real master-servant relationship.

With that distinction in mind, this court is of the opinion that such a significant new public policy should originate in the legislature, not in the trial courts of the Commonwealth. To reiterate: application of the doctrine of apparent agency to negligence cases, especially to physician-hospital relationships, is not simply a naturally-evolving extension of the doctrine of respondeat superior; rather, it is a distinct basis for vicarious liability in the tort field.

## Conclusion

For the reasons explained, the demurrer will be sustained. Sanchez may amend his motion for judgment within twenty-one days if he can allege explicit conduct tantamount to fraudulent representations made by the hospital and/or the emergency room personnel, as explained above. Otherwise, the claim against Medicorp based solely on the theory of apparent agency will be stricken and dismissed.