Present:  All the Justices

LEASLY SANCHEZ

v.  Record No. 042741  OPINION BY JUSTICE CYNTHIA D. KINSER
                              September 16, 2005
MEDICORP HEALTH SYSTEM, d/b/a
MARY WASHINGTON HOSPITAL, INC.

        FROM THE CIRCUIT COURT OF THE CITY OF FREDERICKSBURG
                William H. Ledbetter, Jr., Judge

    In this appeal, the question is whether the theory of

apparent or ostensible agency applies to a hospital,

thereby making the hospital vicariously liable for the

alleged negligence of an emergency room physician who was

an independent contractor.  Because we decline to adopt

that theory in the context presented in this case, we will

affirm the circuit court's judgment sustaining a demurrer.

                    FACTS AND PROCEEDINGS[1]

    The plaintiff, Leasly Sanchez, sought treatment for a

head wound in the emergency room at Medicorp Health System,

d/b/a Mary Washington Hospital, Inc. (Medicorp).

Christopher Huesgen, M.D., treated Sanchez in the emergency

room for his injuries.  Dr. Huesgen was an employee of

Fredericksburg Emergency Medical Associates, Inc.

(Fredericksburg EMA).  As a result of alleged negligent

---

    [1] This appeal comes to us from the circuit court's
decision sustaining a demurrer.  We therefore "recite as
true the well-pleaded facts in the motion for judgment."
Thompson v. Skate America, Inc., 261 Va. 121, 124-25, 540
S.E.2d 123, 124 (2001).

care and treatment in the emergency room, Sanchez claimed that he developed permanent weakness on his left side. Consequently, Sanchez filed a medical malpractice action against Medicorp, Fredericksburg EMA, and Dr. Huesgen.

In his motion for judgment, Sanchez alleged that Dr. Huesgen was an employee and agent of Fredericksburg EMA and was acting within the scope of his employment at all times relevant to the allegations of negligence. Sanchez also alleged that Medicorp held out Dr. Huesgen as its employee and agent and that Medicorp was therefore vicariously liable for Dr. Huesgen's alleged negligence under the theory of apparent or ostensible agency.[2]

Medicorp filed a demurrer, asserting that a claim for vicarious liability based on the theory of apparent or ostensible agency is not cognizable under Virginia law. The circuit court agreed and sustained Medicorp's demurrer. In a letter opinion, the court noted that the theory of apparent agency is not merely an extension of the doctrine of <u>respondeat</u> <u>superior</u>. Instead, reasoned the court, it is different because in apparent agency – unlike the situation when the doctrine of <u>respondeat</u> <u>superior</u> applies – there is

_____

[2] Sanchez does not claim that Dr. Huesgen was an employee of Medicorp, rather than an independent contractor, based on the factors discussed in <u>McDonald v. Hampton Training Sch. for Nurses</u>, 254 Va. 79, 86-87, 486 S.E.2d 299, 303-04 (1997).

no actual master-servant relationship.  Continuing, the circuit court recognized that an employer could, however, be liable for the negligence of an independent contractor if the employer had a non-delegable duty to a third party, but the court concluded that Medicorp did not have a non-delegable duty to provide competent medical treatment to emergency room patients.  Although the circuit court sustained the demurrer, it granted Sanchez leave to file an amended motion for judgment if he could allege specific conduct by Medicorp "tantamount to a fraudulent representation that Dr. Huesgen was an employee of Mary Washington Hospital."

Sanchez subsequently filed both a motion to reconsider and an amended motion for judgment.  The circuit court denied the motion to reconsider.  The court also dismissed the claim against Medicorp with prejudice, finding that Sanchez's amended motion for judgment did not contain the specific allegations of fraudulent representations as required by its previous order.  Sanchez appeals.[3]

ANALYSIS

---

[3] The issue raised by Medicorp's demurrer is appealable under the "severable" interest rule.  See Maitland v. Allen, 267 Va. 714, 718 n.2, 594 S.E.2d 918, 920 n.2 (2004).

A trial court's decision sustaining a demurrer presents a question of law on appeal. Glazebrook v. Board of Supervisors, 266 Va. 550, 554, 587 S.E.2d 589, 591 (2003). Thus, we review the circuit court's judgment in this case de novo. Id.

A demurrer tests the legal sufficiency of facts alleged in a plaintiff's pleading. Id. A trial court must consider the pleading in the light most favorable to the plaintiff and sustain the demurrer if the pleading fails to state a valid cause of action. W.S. Carnes, Inc. v. Board of Supervisors, 252 Va. 377, 384, 478 S.E.2d 295, 300 (1996).

In the sole assignment of error, Sanchez asserts that the circuit court erred in "sustaining the . . . demurrer and holding that Virginia does not recognize vicarious liability in negligence cases, specifically, in the context of emergency physician-hospital relationships, based upon the theory of apparent or ostensible agency." Sanchez urges this Court to hold that a hospital can be vicariously liable for the alleged negligence of a doctor working in the hospital's emergency room as an independent contractor on the theory of apparent or ostensible agency. Sanchez relies, in part, on the decision in Walker v. Winchester Memorial Hospital, 585 F. Supp. 1328 (W.D. Va. 1984), and

4

argues that there is a national trend to apply this theory to hospitals because today's hospitals "are more than simply places for patients to eat and sleep while being attended by their own physicians."

Initially, we note the difference between the terms "apparent authority" and "apparent or ostensible agency." The former concerns the "[a]uthority that a third party reasonably believes an agent has, based on the third party's dealings with the principal, even though the principal did not confer or intend to confer the authority." Black's Law Dictionary 142 (8th ed. 2004). In Bardach Iron & Steel Co. v. Charleston Port Terminals, 143 Va. 656, 673, 129 S.E. 687, 692 (1925), we stated:

> [A]s between the principal and agent and third persons, the mutual rights and liabilities are governed by the apparent scope of the agent's authority, which is that authority which the principal has held the agent out as possessing, or which he has permitted the agent to represent that he possesses, in which event the principal is estopped to deny that the agent possessed the authority which he exercised.

Accord Wright v. Shortridge, 194 Va. 346, 352-53, 73 S.E.2d 360, 364 (1952). The definition of the term "apparent authority" presupposes the existence of an agency relationship and concerns the authority of the agent. See Morris v. Dame, 161 Va. 545, 572-73, 171 S.E. 662, 672 (1933) (discussing whether a servant who is driving a

5

vehicle for his master has ostensible authority by virtue of the employment to allow another person to ride in the vehicle for a purpose having no connection with the master's business).

In contrast, the term "apparent or ostensible agency" (sometimes also called "agency by estoppel," see Chandler v. Kelley, 149 Va. 221, 232, 141 S.E. 389, 392 (1928)), means "[a]n agency created by operation of law and established by a principal's actions that would reasonably lead a third person to conclude that an agency exists." Black's Law Dictionary 67 (8th ed. 2004); see also Title Ins. Co. of Richmond, Inc. v. Howell, 158 Va. 713, 724, 164 S.E. 387, 391 (1932) ("[o]ne who permits another to hold himself out as agent and appears to acquiesce in that assumption of authority is bound thereby"); Hardin v. Alexandria Ins. Co., 90 Va. (15 Hans.) 413, 416-17, 18 S.E. 911, 911-13 (1894) (insurance company held individual out to the public at large as the company's agent through whom all transactions with the company had to pass); Gallagher v. Washington County Sav., Loan & Bldg. Co., 25 S.E.2d 914, 919 (W. Va. 1943) (quoting Restatement (First) of Agency § 8, cmt. a: " '[a]n apparent agent is a person who, whether or not authorized, reasonably appears to third persons, because of the manifestations of another, to be

authorized to act as agent for such other' ").  In this

case, we are concerned with the concept of apparent or

ostensible agency.[4]

In Virginia, the doctrine of <u>respondeat superior</u>

imposes tort liability on an employer for the negligent

acts of its employees, <u>i.e.</u>, its servants, but not for the

negligent acts of an independent contractor.  <u>McDonald v.</u>

<u>Hampton Training Sch. for Nurses</u>, 254 Va. 79, 81, 486

S.E.2d 299, 300-01 (1997); <u>Norfolk & W. Ry. Co. v. Johnson</u>,

207 Va. 980, 983, 154 S.E.2d 134, 137 (1967); <u>Smith v.</u>

<u>Grenadier</u>, 203 Va. 740, 747, 127 S.E.2d 107, 112 (1962);

<u>Griffith v. Electrolux Corp.</u>, 176 Va. 378, 387, 11 S.E.2d

644, 648 (1940); <u>see also</u> Restatement (Second) of Torts

§ 409 ("the employer of an independent contractor is not

liable for physical harm caused to another by an act or

omission of the contractor or his servants"); Restatement

(Second) of Agency § 250 (liability does not pass to "[a]

principal . . . for physical harm caused by the negligent

physical conduct of a non-servant agent during the

performance of the principal's business, if he neither

intended nor authorized the result nor the manner of

---

[4] Some courts use the terms "apparent authority" and "apparent agency" interchangeably.  <u>See</u> <u>Baptist Mem'l Hosp.</u> <u>Sys. v. Sampson</u>, 969 S.W.2d 945, 947 n.2 (Tex. 1998).  We believe that there is a distinction between the terms that should not be blurred.

performance, unless he was under a duty to have the act performed with due care").  This is so because no master-servant relationship exists between an employer and an independent contractor.  McDonald, 254 Va. at 81, 486 S.E.2d at 300-01.

Apparent or ostensible agency is sometimes described as an exception to the general principle that an employer is not vicariously liable for the negligence of an independent contractor.[5]  The Restatement (Second) of Torts § 429 explains the exception in this manner:

> One who employs an independent contractor to
> perform services for another which are accepted
> in the reasonable belief that the services are
> being rendered by the employer or by his
> servants, is subject to liability for physical
> harm caused by the negligence of the contractor
> in supplying such services, to the same extent as
> though the employer were supplying them himself
> or by his servants.

---

[5] In Virginia, we recognize certain exceptions to the general rule that an employer is not liable for injuries caused by the negligence of an independent contractor: " 'if the independent contractor's torts arise directly out of his use of a dangerous instrumentality, arise out of work that is inherently dangerous, are wrongful per se, are a nuisance, or are such that it would in the natural course of events produce injury unless special precautions were taken.' "  Southern Floors & Acoustics, Inc. v. Max-Yeboah, 267 Va. 682, 687 n.1, 594 S.E.2d 908, 911 n.1 (2004) (quoting Kesler v. Allen, 233 Va. 130, 134, 353 S.E.2d 777, 780 (1987)).  Additionally, a landlord's common law duty to maintain the premises in a reasonably safe condition cannot be delegated to an independent contractor.  Love v. Schmidt, 239 Va. 357, 360-61, 389 S.E.2d 707, 709-10 (1990).

Similarly, Restatement (Second) of Agency § 267 provides:

> One who represents that another is his servant or other agent and thereby causes a third person justifiably to rely upon the care or skill of such apparent agent is subject to liability to the third person for harm caused by the lack of care or skill of the one appearing to be a servant or other agent as if he were such.

These two Restatement sections have one critical difference.  Under the stricter standard of § 267 of the Restatement (Second) of Agency, which embraces the theory of agency by estoppel, a showing of justifiable reliance by the injured person upon the representations of the principal is required; whereas, reliance is not a factor in § 429 of the Restatement (Second) of Torts.[6]

Sanchez acknowledges that this Court has never addressed the question whether a hospital can be vicariously liable, based on the theory of apparent or ostensible agency, for the negligence of its emergency room physician working as an independent contractor.  He, nevertheless, argues that the doctrine of apparent or ostensible agency is well-settled in Virginia jurisprudence.  The cases cited by Sanchez in support of that proposition, as well as the cases relied on by the federal district court in Walker, specifically Neff Trailer

---

[6] See Jackson v. Power, 743 P.2d 1376, 1380 (Alaska 1987) for a comparison of the two sections.

Sales, Inc. v. Dellinger, 221 Va. 367, 370-71, 269 S.E.2d 386, 388 (1980); Wright, 194 Va. at 352-53, 73 S.E.2d at 364-65; Bardach Iron & Steel Co., 143 Va. at 673, 129 S.E. at 692; J.C. Lysle Milling Co. v. S.W. Holt & Co., 122 Va. 565, 570-71, 95 S.E. 414, 416 (1918), all involved not only claims based on contract but also questions about the "apparent authority" of an agent.  None of the cases actually addressed the issue of "apparent or ostensible agency."

We have applied the theory of apparent or ostensible agency in cases involving contract claims.  See, e.g., American Sec. & Trust Co. v. John J. Juliano, Inc., 203 Va. 827, 833-34, 127 S.E.2d 348, 352 (1962); Title Ins. Co. of Richmond, 158 Va. at 724, 164 S.E. at 391; Hardin, 90 Va. (15 Hans.) at 416-17, 18 S.E. at 911-13.  But, in the tort context, we have mentioned apparent agency only once, in Murphy v. Holiday Inns, Inc., 216 Va. 490, 491-92, 219 S.E.2d 874, 875 (1975).  However, in that slip and fall case, we did not decide the issue of apparent agency because the plaintiff had not properly preserved the issue for appeal.  Id.  In Southern Floors & Acoustics, Inc. v. Max-Yeboah, 267 Va. 682, 687, 594 S.E.2d 908, 911 (2004), we discussed the possible theories of liability of a property owner for injuries to a third party resulting from

10

conditions caused by the negligence of an independent contractor but did not include apparent agency as a theory of recovery against the property owner.  See also Harbour Enters., Inc. v. Ferro, 231 Va. 71, 74, 340 S.E.2d 818, 819 (1986) (holding that a landlord was not vicariously liable to a tenant's business invitee for personal injuries where the landlord allowed its liquor license to remain posted on the premises, knowing that the tenant did not have a liquor license in its own name).

Nevertheless, Sanchez points out that the majority of jurisdictions that have addressed the issue presently before us have decided, on the basis of apparent agency or agency by estoppel, to impose vicarious liability on hospitals for the negligence of emergency room physicians who were not employees of the hospitals but independent contractors.  See, e.g., Jackson v. Power, 743 P.2d 1376, 1380-81 (Alaska 1987); Paintsville Hosp. Co. v. Rose, 683 S.W.2d 255, 256-58 (Ky. 1985); Mehlman v. Powell, 378 A.2d 1121, 1124 (Md. 1977); Houghland v. Grant, 891 P.2d 563, 569 (N.M. Ct. App. 1995); Clark v. Southview Hosp. & Family Health Ctr., 628 N.E.2d 46, 53 (Ohio 1994); Smith v. St. Francis Hosp., Inc., 676 P.2d 279, 282 (Okla. Ct. App. 1983); Baptist Mem'l Hosp. Sys. v. Sampson, 969 S.W.2d 945, 949 (Tex. 1998); Torrence v. Kusminsky, 408 S.E.2d 684, 692

11

(W. Va. 1991); Pamperin v. Trinity Mem'l Hosp., 423 N.W.2d 848, 855 (Wis. 1988); but see Tolman v. IHC Hosps. Inc., 637 F. Supp. 682, 684 (D. Utah 1986) (hospital not liable for the negligence of a radiologist working in the hospital's emergency room); Austin v. Litvak, 682 P.2d 41, 53-54 (Colo. 1984) (hospital not liable for the negligence of a treating physician after patient was admitted to the hospital).

In virtually all these cases imposing vicarious liability, the particular jurisdiction involved had already adopted the theory of apparent agency or agency by estoppel as a basis of tort liability when the jurisdiction used the theory to hold a hospital vicariously liable for negligent medical care rendered by an emergency room physician working as an independent contractor. See, e.g., Middleton v. Frances, 77 S.W.2d 425 (Ky. 1934); B.P. Oil Corp. v. Mabe, 370 A.2d 554 (Md. 1977); Chevron Oil Co. v. Sutton, 515 P.2d 1283 (N.M. 1973); Stephens v. Yamaha Motor Co., Ltd., 627 P.2d 439 (Okla. 1981); Wyndham Hotel Co. v. Self, 893 S.W.2d 630 (Tex. Ct. App. 1994); Iowa Nat'l Mutual Ins. Co. v. Backens, 186 N.W.2d 196 (Wis. 1971). Unlike these jurisdictions, in Virginia, we have not previously imposed vicarious liability on an employer for the negligence of an independent contractor on the basis of apparent or

12

ostensible agency, or agency by estoppel.  We find no reason to do so in the specific context presented in this case.

## CONCLUSION

The theory of apparent or ostensible agency, or agency by estoppel, has never been used in Virginia to impose vicarious liability on an employer for the negligent acts of an independent contractor.  In light of that fact, we are unwilling to apply that theory in order to hold Medicorp vicariously liable for the alleged negligence of its independent contractor, Dr. Huesgen.  Thus, we will affirm the judgment of the circuit court.[7]

<u>Affirmed</u>.

---

[7] Sanchez also argues that the circuit court erred by finding that Medicorp had a non-delegable duty to provide competent care and treatment in its emergency room and was thus vicariously liable for Dr. Huesgen's alleged negligence on that basis.  That separate finding of the circuit court, however, is not the subject of an assignment of error.  Thus, we do not address it.  Rule 5:17(c).