**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 14-2334**

WYNN'S EXTENDED CARE, INC.,

    Plaintiff - Appellee,

  v.

PENNY L. BRADLEY,

    Defendant - Appellant.

Appeal from the United States District Court for the Western District of Virginia, at Harrisonburg. Michael F. Urbanski, District Judge. (5:13-cv-00114-MFU-JGW)

Submitted: June 30, 2015    Decided: July 28, 2015

Before NIEMEYER, KING, and DUNCAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas D. Domonoske, Harrisonburg, Virginia; Timothy E. Cupp, SHELLEY CUPP SCHULTE, P.C., Harrisonburg, Virginia, for Appellant. Virginia M. Sadler, JORDAN COYNE LLP, Fairfax, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Penny L. Bradley appeals the district court's order granting summary judgment to Wynn's Extended Care, Inc. ("WEC"), on Bradley's Virginia Consumer Protection Act[1] ("VCPA") and Magnuson-Moss Warranty Act[2] ("MMWA") counterclaims and denying her motion for leave to amend her counterclaim. We affirm.

We review de novo a district court's order disposing of cross-motions for summary judgment. Bostic v. Shaefer, 760 F.3d 352, 370 (4th Cir.), cert. denied, 135 S. Ct. 308 (2014). "Summary judgment is appropriate when 'there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" Foster v. Univ. of Md.-E. Shore, __ F.3d __, __, No. 14-1073, 2015 WL 2405266, at *3 (4th Cir. May 21, 2015) (quoting Fed. R. Civ. P. 56(a)). In determining whether a genuine dispute of material fact exists, "we . . . view the facts and all justifiable inferences arising therefrom in the light most favorable to the nonmoving party." Id. (internal quotation marks omitted). Nonetheless, "it is ultimately the nonmovant's burden to persuade us that there is indeed a dispute of material fact. It must provide more than a scintilla of evidence—and not merely conclusory allegations or

---

[1] Va. Code Ann. §§ 59.1-196 to -207 (2014).

[2] 15 U.S.C. §§ 2301-2312 (2012).

2

speculation—upon which a jury could properly find in its favor." CoreTel Va., LLC v. Verizon Va., LLC, 752 F.3d 364, 370 (4th Cir. 2014) (citation omitted).

With respect to the VCPA claim, the district court concluded that Bradley presented insufficient evidence that a third-party automobile dealer was WEC's agent whereby WEC could be held liable for the dealer's actions. We agree with the district court.

In Virginia, the existence of an agency relationship may be established under one of two theories. See Murphy v. Holiday Inns, Inc., 219 S.E.2d 874, 875-76 (Va. 1975). "[Actual] agency [is] a fiduciary relationship resulting from one person's manifestation of consent to another person that the other shall act on his behalf and subject to his control, and the other person's manifestation of consent so to act." Acordia of Va. Ins. Agency, Inc. v. Genito Glenn, L.P., 560 S.E.2d 246, 249 (Va. 2002) (internal quotation marks omitted); see also Ashland Facility Operations, LLC v. NLRB, 701 F.3d 983, 990 (4th Cir. 2012). Apparent agency, sometimes called ostensible agency or agency by estoppel in Virginia cases, "means an agency created by operation of law and established by a principal's actions that would reasonably lead a third person to conclude that an agency exists," regardless of whether the principal and agent

intended to establish an agency relationship.  Sanchez v. Medicorp Health Sys., 618 S.E.2d 331, 333 (Va. 2005).

Bradley contends that an actual agency relationship existed between WEC and the dealer at the time she purchased a vehicle from the dealer.  In deciding whether an actual agency exists, "[t]he power of [the alleged principal to] control is the determining factor in ascertaining the alleged agent's status." Allen v. Lindstrom, 379 S.E.2d 450, 454 (Va. 1989); see Murphy, 219 S.E.2d at 876.  This factor refers to the "right to control the methods or details of doing the work, not control of the results."  Wells v. Whitaker, 151 S.E.2d 422, 429 (Va. 1966); accord Murphy, 219 S.E.2d at 877.  "Actual control . . . is not the test; it is the right to control which is determinative." Whitfield v. Whittaker Mem'l Hosp., 169 S.E.2d 563, 567 (Va. 1969).  Notably, the parties' disclaimer of an agency relationship, even in a contract, is not dispositive.  Murphy, 219 S.E.2d at 876 & n.1; accord Hartzell Fan, Inc. v. Waco, Inc., 505 S.E.2d 196, 201 (Va. 1998).

Viewing the agreement between WEC and the dealer in isolation, we conclude, as did the district court, that it does not evince the control required to prove the existence of an actual agency under Virginia law.  The Virginia Supreme Court's decision in Murphy compels this conclusion.  Murphy, 219 S.E.2d at 876-78.  Moreover, even assuming that we may consider

4

extrinsic evidence of the relationship between WEC and the dealer,[3] we conclude that the extrinsic evidence Bradley submitted serves only to reinforce what was evident from the agreement: WEC had no power to control the dealer's day-to-day operation in the manner described in Murphy.

Bradley also contends that an agency relationship existed between WEC and the dealer at the time WEC sent her notice that the purchased vehicle was not eligible for coverage under WEC's service program. Bradley argues that the notice created an apparent agency and that the district court incorrectly determined that she presented insufficient evidence to demonstrate the existence of an apparent agency. We decline to reach the issue of apparent agency;[4] rather, we conclude that, even assuming the notice created an apparent agency, no evidence demonstrated that it granted the apparent authority necessary to impose liability on WEC for the dealer's representations.

Apparent authority is "the authority that a third party reasonably believes an agent has, based on the third party's dealings with the principal, even though the principal did not

_____

[3] We need not—and do not—decide whether, under Virginia law, recourse to extrinsic evidence would be proper in this case. See Acordia, 560 S.E.2d at 250; Murphy, 219 S.E.2d at 876; Bloxom v. Rose, 144 S.E. 642, 644 (Va. 1928).

[4] See Sanchez, 618 S.E.2d at 333-35; Restatement (Second) of Torts § 429 (1965); Restatement (Second) of Agency § 267 (1958).

5

confer or intend to confer the authority." Sanchez, 618 S.E.2d at 333 (alteration and internal quotation marks omitted). The Virginia Supreme Court has stated:

> An act is within the apparent scope of an agent's authority if, in view of the character of his actual and known duties, an ordinarily prudent person, having a reasonable knowledge of the usages of the business in which the agent is engaged, would be justified in believing that he is authorized to perform the act in question.

Neff Trailer Sales, Inc. v. Dellinger, 269 S.E.2d 386, 388 (Va. 1980).

Here, the district court correctly concluded that, on the undisputed evidence in the record, no reasonable jury could find that the dealer had the apparent authority to represent that Bradley's vehicle was covered by WEC's service program because the notice bluntly stated that the vehicle was ineligible. See Kern v. J.L. Barksdale Furniture Corp., 299 S.E.2d 365, 367 (Va. 1983); Dere v. Montgomery Ward & Co., 295 S.E.2d 794, 796 (Va. 1982); Mosell Realty Corp. v. Schofield, 33 S.E.2d 774, 778 (Va. 1945). Accordingly, we conclude that Bradley failed to present more than a scintilla of evidence demonstrating the existence of an agency relationship that permitted liability to be imposed on WEC for the dealer's conduct. We therefore affirm the district court's grant of summary judgment to WEC on Bradley's VCPA claim.

6

With respect to the MMWA claim, we likewise conclude that Bradley's failure to present sufficient evidence regarding agency is fatal. MMWA provides a civil action for damages against a service contractor who fails "to comply with any obligation . . . under a . . . service contract." 15 U.S.C. § 2310(d). MMWA defines a service contract as "a contract in writing to perform . . . services relating to the maintenance or repair (or both) of a consumer product." 15 U.S.C. § 2301(8). Here, the only writing that might qualify as a service contract— a WEC service program form signed by Bradley—could only so qualify if the dealer's representations concerning the program were imputed to WEC by the principles of agency. Because Bradley's evidence was insufficient to raise a genuine dispute regarding agency, it was also insufficient to sustain her MMWA claim. Accordingly, we affirm the district's grant of summary judgment to WEC on Bradley's MMWA claim.[5]

We turn lastly to the district court's denial of Bradley's motion to amend her counterclaim in order to add a new VCPA claim. "[W]here, as here, the district court denied such a

---

[5] Bradley's contentions regarding the reimbursement for the taxes she paid at the time of the vehicle's purchase are not raised in her appellate brief in a manner sufficient to challenge the district court's determination. We therefore do not review them. See Projects Mgmt. Co., 734 F.3d at 376; Eriline Co. S.A. v. Johnson, 440 F.3d 648, 653 n.7 (4th Cir. 2006).

7

motion on grounds of futility, we employ the same standard that would apply to our review of a motion to dismiss." United States ex rel. Ahumada v. Nat'l Indus. for the Severely Handicapped, 756 F.3d 268, 274 (4th Cir. 2014) (citations and internal quotation marks omitted). The district court concluded that Bradley's proposed VCPA claim relied on the existence of the same agency relationship that it had already rejected and that, therefore, the amendment would be futile. We affirm on an alternative ground apparent from the record. See Drager v. PLIVA USA, Inc., 741 F.3d 470, 474 (4th Cir. 2014).

Bradley's proposed VCPA claim would be governed by the heightened pleading standards of Rule 9(b) of the Federal Rules of Civil Procedure. See Va. Code Ann. § 59.1-200(A) (prohibiting "fraudulent acts or practices committed by a supplier in connection with a consumer transaction"); Fed. R. Civ. P. 9(b). Under Rule 9(b), Bradley was "required to state with particularity the circumstances constituting fraud or mistake," including "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." Weidman v. Exxon Mobil Corp., 776 F.3d 214, 219 (4th Cir. 2015) (internal quotation marks omitted), cert. denied, 83 U.S.L.W. 3838 (U.S. June 22, 2015) (No. 14-1289). We conclude that Bradley's proposed VCPA counterclaim failed to meet these requirements and

that affirmance of the district court's denial vindicates Rule 9(b)'s purposes. See United States ex rel. Nathan v. Takeda Pharm. N. Am., Inc., 707 F.3d 451, 456 (4th Cir. 2013).

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED